IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIXON HUGHES
GOODMAN LLP,

          Plaintiff,

v.

KURT SALMON US, INC.,

          Defendant.

1:14-cv-1439-WSD

**ORDER**

On January 16, 2014, Plaintiff Dixon Hughes Goodman LLP ("Plaintiff") filed, in the Superior Court of Guilford County, North Carolina, this action against Defendant Kurt Salmon US, Inc. ("Defendant"). Plaintiff's Complaint [1-1] asserts state law claims for tortious interference with contracts and misappropriation of trade secrets. On February 20, 2014, Defendant removed the action to the United States District Court for the Middle District of North Carolina (the "North Carolina Federal Court"). In its Notice of Removal [1], Defendant asserts that federal diversity jurisdiction exists over this matter under 28 U.S.C. § 1332.

On February 27, 2014, Defendant moved, in the North Carolina Federal Court, for dismissal of this action for lack of personal jurisdiction or, in the

alternative, for transfer of the action to the Northern District of Georgia.  On May 13, 2014, the North Carolina Federal Court found that it lacked personal jurisdiction over Defendant and ordered transfer of venue.  On May 13, 2014, the action was transferred to this Court.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

In this case, Plaintiff's Complaint raises only questions of state law, and the Court could have only diversity jurisdiction over the action.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the

suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  In removed cases, the removing defendant has the burden to establish the existence of diversity jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

The Notice of Removal shows that the amount in controversy exceeds $75,000 (Not. Removal [1] ¶ 7) and that Defendant is "a Delaware corporation with its principal place of business in Atlanta, Georgia" (id. ¶ 6), and thus a citizen of Delaware and Georgia.  See 28 U.S.C. § 1332(c)(1).  Neither the Notice of Removal nor the Complaint, however, shows the citizenship of Plaintiff.  The Complaint shows that Plaintiff is a partnership.  (Compl. [1-1] ¶ 1.)  For purposes of diversity jurisdiction, a partnership, like other unincorporated associations, is "a citizen of each state in which any of its partners, limited or general, are citizens." See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990)).[1]  Defendant does not identify Plaintiff's partners or the citizenship of its

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

partners.

Because the Notice of Removal fails to show Plaintiff's citizenship, the Court is not able to determine whether it has diversity jurisdiction over this action. The Court is required to remand this action, unless Defendant submits evidence establishing jurisdiction. See 28 U.S.C. § 1447(c); see also Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (holding that the district court must dismiss a diversity action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes the parties' citizenship).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant submit, on or before May 30, 2014, evidence that identifies the parties' citizenship.

**SO ORDERED** this 13th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE