IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIXON HUGHES GOODMAN LLP,

        Plaintiff,

v.

KURT SALMON US, INC.,

        Defendant.

Civil Action File No.
1:14-cv-1439-WSD

DEFENDANT'S RESPONSE TO ORDER
REGARDING PARTIES' CITIZENSHIP

Pursuant to the Court's May 13, 2014 Order directing Defendant Kurt Salmon US, Inc. ("Defendant") to offer proof of the citizenship of Plaintiff Dixon Hughes Goodman LLP ("Plaintiff"), Defendant shows the Court as follows:

1. Defendant is a Delaware corporation with its principal place of business in Georgia and is thus a citizen of both states for diversity jurisdiction purposes. After this Court entered its May 13 Order, opposing counsel disclosed that some capital partners of Plaintiff, an LLP headquartered and established in North Carolina, are citizens of Georgia. Plaintiff is therefore treated as a citizen of Georgia for diversity jurisdiction purposes. As such, under the authorities cited by

LEGAL02/34872195v8

this Court in its recent Order, subject matter jurisdiction does not exist under 28 U.S.C. § 1332.

## Relevant Procedural History

2. Plaintiff filed its Complaint [Docket No. 5] against Defendant in North Carolina state court. In the Complaint, Plaintiff described itself as "a limited liability partnership organized and existing under the laws of the State of North Carolina with a principal place of business in High Point, Guilford County, North Carolina." (Complaint, ¶1). The Complaint did not indicate that Plaintiff had partners in Georgia. The Complaint sought in excess of $25,000 in damages for each of five causes of action based on state law claims, in addition to attorneys' fees and punitive damages. (*Id.* at ¶¶ 33, 36, 39, 42, 46).

3. Defendant removed the case to the Middle District of North Carolina on the basis of diversity jurisdiction. Plaintiff did not question that the federal court had subject matter jurisdiction.

4. After removal, Plaintiff filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (the "Motion") [Docket No. 8]. In that Motion, Defendant argued that (a) North Carolina lacks general personal jurisdiction over it, and (b) specific jurisdiction is also lacking such that a court in North Carolina cannot exercise personal jurisdiction over Defendant.

5.  Plaintiff filed an opposition brief [Docket No. 11].  In that brief, Plaintiff did not argue lack of subject matter jurisdiction and, in the context of the venue issue, did not dispute that this Court is one in which the matter originally could have been brought.  Plaintiff opposed the Motion by arguing that personal jurisdiction over Defendant existed in North Carolina.

6.  Judge Catherine C. Eagles, United States District Court for the Middle District of North Carolina, entered a written Order [Docket No. 13] granting the Motion in part and transferring the case to this Court.  As this Court has recognized, "the North Carolina Federal Court found that it lacked personal jurisdiction over Defendant and ordered transfer of venue." (Order [Docket No. 15] at 4).

## This Court's Order Regarding Subject Matter Jurisdiction

7.  Upon its receipt of the case, this Court entered its Order asking Defendant to submit evidence of Plaintiff's citizenship for purposes of determining if the Court may exercise subject matter jurisdiction over the case.  In the Order, this Court cited cases holding that, for diversity purposes, partnerships are deemed to be citizens of each state in which any of its partners are citizens. (*Id.* at 3).  The Court therefore directed Defendant to submit evidence of the parties' citizenship so that it can inquire into whether subject matter jurisdiction exists.  (*Id.* at 2-4).

8. After reviewing the Court's Order, undersigned counsel for Defendant contacted counsel for Plaintiff to communicate on an informal basis about the citizenship issue. Plaintiff's counsel agreed to contact his client and provide a written representation regarding the existence vel non of Dixon Hughes Goodman partners who are citizens of Georgia. Plaintiff's counsel followed up and disclosed that Plaintiff has both capital and income partners who are citizens of Georgia.

9. Defendant removed the case from the North Carolina state court based on a good faith belief that federal diversity jurisdiction exists. Defendant was unaware that Plaintiff had capital partners in Georgia that met the definition of a "partner" under North Carolina law. A partnership in North Carolina is defined as the "co-owners of a business for profit" and requires that, in order to be considered a "partner," an individual must receive a share of the profits; the statute expressly provides that the receipt of wages does not make a person a partner. N.C. Gen. Stat. §§ 59-36, 59-37(4). Several other jurisdictions, when considering whether parties were diverse, determined that certain individuals whose titles included the term "partner" did not qualify as partners under applicable state law and excluded the citizenship of those individuals from their analysis. *See, e.g., Fameco Real Estate, L.P. v. Bennett*, No. 12-06102, 2013 WL 1903490, at *4 (D.N.J. May 7, 2013); *Passavant Mem. Area Hosp. Assoc. v. Lancaster Pollard & Co.*, No. 11-cv-

3116, 2012 WL 1119402, at *7 (C.D. Ill. Apr. 3, 2012); *Morson v. Kreindler & Kreindler, LLP*, 616 F. Supp. 2d (D. Mass. 2009).  Until Defendant's communications with Plaintiff's counsel following this Court's Order, Defendant did not have notice that Plaintiff had partners, as defined by North Carolina law, in Georgia.  In light of the information recently disclosed by Plaintiff's counsel regarding the presence of "capital partners" in Georgia, however, and having reviewed the cases cited in this Court's Order, Defendant acknowledges that subject matter jurisdiction is lacking.

Effect of Lack of Subject Matter Jurisdiction

10.  In light of this, a question for this Court is what it should do with a case that has been removed and transferred when, on the one hand, it is shown that federal subject matter jurisdiction is lacking but, on the other hand, it has been established previously that the state court where the complaint was filed lacks personal jurisdiction over the defendant.  Research by Defendant indicates that there is no controlling caselaw directly on point.

11.  As noted in this Court's order, the remand statute requires a court to remand the case when subject matter jurisdiction is not shown.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")  A handful of opinions in

other jurisdictions have recognized a futility exception to remand when it is shown that the complaint would be subject to dismissal upon remand to the receiving court. *See e.g., Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 794 (3rd Cir. 1994) (overturning the district court's remand and directing dismissal where failure to exhaust administrative remedies barred the claims in federal and state court); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991) (upholding dismissal where plaintiffs' failure to post a bond would have precluded them from litigating in state court even if the case were remanded). The Eleventh Circuit has emphasized the mandatory language of the remand statute, however, and thus far has declined to create an exception to it. *Univ. of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[1] But it does not appear that the Eleventh

---

[1] In *University of South Alabama*, the University filed a complaint in state court, and defendant removed the case on the basis of diversity jurisdiction. 168 F.3d at 408. The Alabama Attorney General then filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1), arguing that he was the proper plaintiff. *Id.* Shortly thereafter, the University filed a motion to remand, contending that the federal court lacked subject matter jurisdiction. *Id.* The district court found that, under Alabama state law, the Attorney General had authority to file the dismissal and dismissed the case. *Id.* The Eleventh Circuit overturned the dismissal, finding that the district court should have first ruled on the motion to remand to establish subject matter jurisdiction without delving into whether the Attorney General was a proper party under state law; it ordered the matter to be remanded to state court. *Id.* at 412-13. In doing so, the Court noted the mandatory language of 28 U.S.C. § 1447(c) regarding remand and that the requirement cannot be "disregarded based on *speculation* about the proceeding's futility in state court." 168 F.3d at 410

Circuit or any of the district courts in this Circuit have addressed the question of a district court's ability to remand a case to a court in another state that has been shown to lack personal jurisdiction over the defendant.[2]

---

(emphasis added).  Because the case presented an "important and complicated . . . question of state law," the Eleventh Circuit reasoned, the state court should resolve that issue, and the federal court should not speculate on what the state court would do.  *Id.* at 411.

     This matter is different.  Given the written order entered by Judge Eagles, there is no speculation about the futility of the claim in a North Carolina court.  To the contrary, it has been found that personal jurisdiction does not exist in that state.  Nor does the basis of a futility finding here present a complicated question of state law best suited for a state court, as was the case in *University of South Alabama*; the personal jurisdiction finding by Judge Eagles relied on straightforward and well-settled principals of state law, the contours of which are defined by federal Constitutional principles.  Indeed, as Judge Eagles wrote, "North Carolina's long-arm statute gives 'North Carolina courts the full jurisdictional powers permissible under federal due process.'"  (Order [Docket No. 13] 3) (*citing Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977)).  Applying the state and federal principles of personal jurisdiction, Judge Eagles found both general and specific jurisdiction to be lacking.  (Order [Docket No. 13] 4-7).

[2]     During recent communications regarding the jurisdictional issues raised by the Orders entered by this Court on subject matter jurisdiction and Judge Eagles on personal jurisdiction, Plaintiff's counsel questioned whether the North Carolina Federal Court's order should be treated as void given the lack of federal subject matter jurisdiction.  Controlling cases indicate that it should not.  *Ruhrgas AG v. Marathon Oil Co.*, 526 US 574, 584-85 (1999); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("[A] federal court may decide a straightforward question concerning personal jurisdiction without first determining that it has subject-matter jurisdiction over the case.") (*citing Ruhrgas*); *Ballew v. Roundpoint Mortg. Serv. Corp.*, 491 F. App'x 25, 26 (11th Cir. 2012) ("[Plaintiffs] argue that the district court should have examined its subject-matter

12.  There is an open question about the authority of a federal district court to remand a case to a state court outside of its jurisdiction, and 28 U.S.C. § 1447 is silent regarding this matter.   Some federal district courts have found no authority to remand cases to courts outside of their jurisdiction.  *See, e.g., Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 519 (D. Md. 2001) (after removal from a Georgia state court and transfer to Maryland, declining to remand the case back to Georgia because it knew of no authority "which would authorize a federal court in one state to remand a case to a state court in another state.").   Other courts have assumed that federal courts may remand a case to a state court outside of their jurisdictions, without addressing whether the power to do so exists.  *See, e.g., Bloom v. Barry*, 755 F.2d 356, 358 (3rd Cir. 1985) (after the matter was removed from a Florida state court and transferred to New Jersey, overturning the district court's "remand" of the case to a New Jersey state court and ordering the matter remanded to Florida state court); *Thompson v. Conoco, Inc.*, No. 1:94CV199-D-D, 1994 WL 1890836, at *6 (N.D. Miss. Dec. 13, 1994) (relying on *Bloom*, remanding the case back to a Louisiana state court).   Still other courts have justified cross-jurisdictional remand of a transferred case by reasoning that a

---

jurisdiction before adjudicating an issue of personal jurisdiction, but this argument fails.") (same).

transferee court's power is coextensive of the transferor court's power, and thus, the transferor court has the original court's power to remand the case back to state court.  *See, e.g., Faracchao v. Harrah's Entertainment, Inc.*, No. 06-1364, 2006 WL 2096076, at *3 (D.N.J. July 27, 2006) (ordering a removed and transferred case to be remanded back to Pennsylvania).  This coextensive-power rationale is inapplicable here, however, based on the Middle District of North Carolina's ruling that it does not have power to exercise personal jurisdiction over Defendant.

13.  As noted by this Court in its recent Order, the Eleventh Circuit has held that a district court must dismiss a diversity action that was initially filed in federal court for lack of subject matter jurisdiction unless the pleadings or record evidence establishes the parties' citizenship.  (Order [Docket No. 15] at 4) (*citing Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)).  Defendant acknowledges that *Travaglio* and its directive that dismissal is mandatory when no subjective matter jurisdiction exists is distinguishable from this case, however, in that it did not involve a complaint that was removed to the district court by the defendant.

14.  Defendant has proposed to Plaintiff that the appropriate means of moving past the jurisdictional issues and getting to the merits of the dispute would be for the parties to stipulate to the dismissal of this Complaint without prejudice

so that Plaintiff could then re-file the Complaint in the Superior Court of Fulton County because that now appears to be the only court where there is no question as to the proper exercise of jurisdiction over the parties and claims.  Plaintiff has not elected to take that approach.

    15.  Defendant respectfully submits that it would be futile for this Court to remand the case to North Carolina because it has been affirmatively established that personal jurisdiction does not exist over Defendant in that state.  While recognizing that the Eleventh Circuit has not carved out a futility exception to the remand statute, Defendant asks the Court to recognize that other Circuits have done so and, on that basis, to consider entering an order of dismissal for lack of subject matter jurisdiction in lieu of an order of remand to the North Carolina state court because Defendant is not subject to personal jurisdiction there.

[*signature on following page*]

This 30th day of May, 2014.

        ALSTON & BIRD LLP

        /s/ Molly Jones
        Christopher C. Marquardt
        Georgia Bar No. 471150
        Molly Jones
        Georgia Bar No. 744294

        1201 West Peachtree Street
        Atlanta, GA  30309-3424
        Telephone:  (404) 881-7000
        E-mail: chris.marquardt@alston.com
        E-mail: molly.jones@alston.com

        Attorneys for Kurt Salmon US, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIXON HUGHES GOODMAN LLP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KURT SALMON US, INC.,<br><br>　　　　　Defendant. | Civil Action File No.<br>1:14-cv-1439-WSD |

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing DEFENDANT'S RESPONSE TO ORDER REGARDING PARTIES' CITIZENSHIP on the following attorneys of record for Plaintiff via first class U.S. Mail:

>Scott F. Wyatt
>Kim Bauman
>WYATT EARLY HARRIS WHEELER, LLP
>Post Office Drawer 2086
>High Point, NC  27261-2086

This 30th day of May, 2014.

　　　　　　　　　　　　　　　　　/s/ Molly Jones
　　　　　　　　　　　　　　　　　Molly Jones
　　　　　　　　　　　　　　　　　Georgia Bar No. 744294