IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIXON HUGHES
GOODMAN LLP,

               Plaintiff,

v.                           1:14-cv-1439-WSD

KURT SALMON US, INC.,

               Defendant.

**ORDER**

On January 16, 2014, Plaintiff Dixon Hughes Goodman LLP ("Plaintiff") filed, in the Superior Court of Guilford County, North Carolina, this action against Defendant Kurt Salmon US, Inc. ("Defendant").  Plaintiff's Complaint [1-1] asserts state law claims for tortious interference with contracts and misappropriation of trade secrets.  On February 20, 2014, Defendant removed the action to the United States District Court for the Middle District of North Carolina (the "North Carolina Federal Court").  In its Notice of Removal [1], Defendant asserts that federal diversity jurisdiction exists over this matter under 28 U.S.C. § 1332.

On February 27, 2014, Defendant moved, in the North Carolina Federal Court, for dismissal of this action for lack of personal jurisdiction or, in the

alternative, for transfer of the action to the Northern District of Georgia. On May 13, 2014, the North Carolina Federal Court found that it lacked personal jurisdiction over Defendant and ordered transfer of venue. On May 13, 2014, the action was transferred to this Court.

On May 13, 2014, the Court, having reviewed the filings in this matter, was not able to determine whether federal subject matter jurisdiction exists in this case. Although Defendant's Notice of Removal asserts diversity jurisdiction, neither the Notice of Removal nor the Complaint alleges the parties' states of citizenship. The Court thus ordered Defendant, as the removing party invoking the Court's jurisdiction, to submit evidence showing the parties' citizenship and establishing the Court's jurisdiction.

On May 30, 2014, Defendant filed a response to the Court's May 13, 2014, Order and conceded that both Plaintiff and Defendant are citizens of Georgia and that the Court lacks subject matter jurisdiction over this action. The Court is thus required to remand this action to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[1] Accordingly,

---

[1] Defendant asserts that the propriety of remand is not clear because the North Carolina Federal Court determined that it lacked personal jurisdiction over Defendant and this action is thus subject to dismissal by the North Carolina state

**IT IS HEREBY ORDERED** that the Clerk is **DIRECTED** to **REMAND** this action to the Superior Court of Guilford County, North Carolina.

**SO ORDERED** this 2nd day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

court. This Court lacks subject matter jurisdiction over this proceeding and is thus obligated, under 28 U.S.C. § 1447(c), to remand this action, without regard to the preclusive effect, if any, of the North Carolina Federal Court's evaluation of personal jurisdiction over Defendant. Defendant also asserts that it is an "open question" whether this Court may remand an action to a state court outside of Georgia. Defendant does not cite, and the Court is not aware of, any authority prohibiting the Court from remanding a case, over which it lacks subject matter jurisdiction, to the state court from which it was removed, as is required by 28 U.S.C. § 1447(c).